UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Williams and Pat Williams,                Civil No. 10-613 (PAM/JJG)

          Plaintiffs,

v.                                              **ORDER**

National Football League, John
Lombardo, M.D., Brian Finkle,
and Adolpho Birch,

          Defendants.

---

This matter is once again before this Court, having been removed from Minnesota state court today, on the eve of that court's trial of the issues in the case.

This Court is obligated to "examine the notice [of removal] promptly." 28 U.S.C. § 1446(c)(4). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted" the Court must order a summary remand. Id. "A district court should sua sponte remand a case any time it determines that it lacks subject matter jurisdiction." Hormel HealthLabs, Inc. v. Ventura Foods, LLC, No. Civ. 04-4695, 2004 WL 2526423, at * 1 (D. Minn. Nov. 4, 2004) (Ericksen, J.). Federal jurisdiction is governed by the "'well-pleaded complaint rule' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998). In addition, the court "must resolve all doubts about federal jurisdiction in favor of remand." Stengrim v. The Northwestern Mutual Life Ins. Co., No. Civ. 04-3192, 2004 WL 2390070, at *2 (D. Minn.

Oct. 25, 2004) (Kyle, J.).

This case has a complicated procedural history in this Court and in state court. Originally filed in state court in December 2008, the case was removed to this Court within days. Williams v. Nat'l Football League, Civ. No. 08-6255 (D. Minn.). After several proceedings on the merits, this Court ultimately granted summary judgment in favor of Defendants on all claims save Plaintiffs' claims that Defendants' conduct violated Minnesota statutes regarding drug testing in the workplace. Nat'l Football League Players Ass'n v. Nat'l Football League, 654 F. Supp. 2d 960, 972, 973 (D. Minn. 2009). The Court remanded the statutory claims to Minnesota state court. Id. at 973. Defendants appealed, and the Eighth Circuit affirmed this Court's judgment in all respects. Williams v. Nat'l Football League, 582 F.3d 863 (8th Cir. 2009). Since that time, the parties have engaged in motion practice in state court, with Judge Larson of Hennepin County granting in part and denying in part cross-motions for summary judgment on February 18, 2010. (Notice of Removal, Ex. C.) Trial is set for Monday, March 8, 2010. (Id.)

The initial removal of this case was premised on Defendants' argument that Plaintiffs' claims were preempted by federal law. Nat'l Football League Players Ass'n , 654 F. Supp. 2d at 972. In remanding the statutory claims, this Court determined that, because all preempted claims had been dismissed, the Court no longer had federal question jurisdiction over the case. Id. at 972-73. Nothing in Defendants' submissions today establishes that the Court has somehow recovered jurisdiction over Plaintiffs' Minnesota statutory claims. Defendants' removal seems calculated only to avoid trial on the merits, and in this Court's

opinion, borders on abuse of process. See Dunham v. Roer, 708 N.W.2d 552, 571 (Minn. Ct. App. 2006) (defining abuse of process as, inter alia, "the act of using the process to accomplish a result not within the scope of the proceedings in which it was issued.")

Accordingly, pursuant to 28 U.S.C. § 1446(c)(4), **IT IS HEREBY ORDERED that** this matter is summarily **REMANDED** to the District Court for the Fourth Judicial District, Hennepin County, Minnesota.


Dated:   March  4,  2010   
                                                s/*Paul A. Magnuson*  
                                                Paul A. Magnuson  
                                                United States District Court Judge